IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JARVIS TAYLOR, #387118, | ) ) ) |
| Plaintiff, | ) ) No. 3:22-cv-00620 ) |
| v. | ) Judge Trauger ) Magistrate Judge Frensley |
| CORECIVIC OF TENNESSEE, *et al.*, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Jarvis Taylor, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against CoreCivic of Tennessee, LLC; O.I.C. f/n/u Borden; O.I.C. f/n/u Green; Sergeant M. Puebla; Lieutenant Craig Murray; and 2nd Captain Kyla Mitchell, alleging violations of Plaintiff's civil rights. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.  **PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, on September 18, 2021, at 5:30 p.m., O.I.C. Borden was passing out food. When she arrived at the plaintiff's cell door, he asked if he could take a shower. She

declined, and they exchanged words. She then pepper-sprayed the plaintiff, and O.I.C. Green placed handcuffs on the plaintiff.

The plaintiff was taken to Echo Charlie pod where Lieutenant Murray, Captain Mitchell, and Sergeant Puebla began asking the plaintiff if he wanted to hit a woman. One of the defendants flipped the plaintiff onto the ground and "somebody ha[d] their foot on [the plaintiff's] neck. (Doc. No. 1 at 7). Lieutenant Murray placed his knee on the left side of the plaintiff's face, smashing the right side of his face into the ground, and slapped the plaintiff repeatedly with his walkie-talkie. Captain Mitchell yelled, "Shut up whore, I run this bitch not y'all." (*Id*.) The plaintiff told the defendants that he had not touched O.I.C. Borden.

The plaintiff was taken to the clinic, but he was not provided with any bandages or ointment for his injuries. The plaintiff was taken to a holding cell. Ms. Stokes, a case manager, provided the plaintiff with an ice pack. The plaintiff subsequently was placed in segregation while "covered in blood, with one shoe on" because the other shoe had come off during the altercation. (*Id*.) The plaintiff was not provided with a bedroll for two nights. The plaintiff's cellmate called for medical help and a bedroll for the plaintiff, but Captain Mitchell and Lieutenant Murray threatened the cellmate with pepper spray and prevented the plaintiff from receiving medical attention.

The plaintiff attempted to file two reports and received no response. He eventually saw Nurse Stewart who, when she saw his face and the plaintiff told her the right side of his face had been going numb, took the plaintiff to see Dr. T-Henson. On September 28, 2021, the plaintiff was taken for an x-ray of his face. He remained in segregation for twelve days.

As a result of the altercation, the plaintiff sustained a cut on his face above his left eye, a cut above his jawline on the right side of his face, and cuts on his left elbow. His "top and bottom lips and [] nose were busted." (*Id*. at 8). The plaintiff seeks damages for his physical and emotional

3

injuries. (*Id*. at 10). He also requests that the defendants receive training on the use of excessive force. (*Id*.)

IV. **Analysis**

The plaintiff brings this action against CoreCivic of Tennessee, LLC; O.I.C. f/n/u Borden; O.I.C. f/n/u Green; Sergeant M. Puebla; Lieutenant Craig Murray; and 2nd Captain Kyla Mitchell (*Id*. at 1-2). The complaint alleges two claims: excessive force and deliberate indifference to serious medical needs.

A. **Excessive Force**

The plaintiff's excessive force claims under Section 1983 are against defendants Borden (for allegedly spraying the plaintiff with pepper spray); Green (for allegedly handcuffing the plaintiff); and Murray, Mitchell, and Puebla (for allegedly flipping the plaintiff onto the ground, putting a knee on the plaintiff's neck, smashing the right side of the plaintiff's face, and slapping the plaintiff in the face with a walkie-talkie). These defendants are sued in their individual and official capacities.

Under the Eighth Amendment, which applies to convicted prisoners such as the plaintiff (*see* Doc. No. 1 at 1), an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration

4

added).The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id*. (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

Based on the allegations set forth in the complaint, the court finds that the plaintiff states colorable Eighth Amendment excessive force claims under Section 1983 against defendants Borden, Puebla, Murray, and Mitchell in their individual capacities. These allegations warrant further factual development. However, the plaintiff's sole allegation about defendant Green—that he handcuffed the plaintiff—fails to state an Eighth Amendment excessive force claim, and that claim will be dismissed.

As to the plaintiff's excessive force claims against defendants Borden, Puebla, Murray, Mitchell, and Green in their official capacities, when a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against the entity for which the officer is an agent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Ky. v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). Here, the plaintiff alleges that the defendants are employees of TTCC, which is operated by CoreCivic. Because it "performs the traditional state function of operating a

5

prison," CoreCivic "acts under the color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). In addition to his official-capacity claims against the defendant officers, the plaintiff alleges an excessive force claim against CoreCivic.

To state a claim against CoreCivic, the plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)). Here, the plaintiff makes no such allegation regarding a "policy or custom" of CoreCivic. The complaint does not identify any CoreCivic policy and tie that policy to the plaintiff's injuries. Thus, the complaint fails to state an excessive force claim under Section 1983 against CoreCivic, and that claim will be dismissed. Likewise, the plaintiff's official-capacity claims against Borden, Puebla, Murray, Mitchell, and Green for excessive force under Section 1983 will be dismissed.

**B.     Deliberate Indifference to Serious Medical Needs**

The complaint also alleges that the plaintiff did not receive adequate treatment for the injuries he sustained during the altercation on September 18, 2022. The complaint identifies Lieutenant Murray and Captain Mitchell as preventing the plaintiff from calling for and receiving medical help on September 20, 2021.

The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *See Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984). The United States Supreme Court has held

that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*.

For purposes of the required PLRA screening, the court finds that the medical conditions identified by the plaintiff, including pain, lacerations, and other facial injuries, constitute sufficiently serious medical needs that required medical attention. *See Rouster*, 749 F.3d at 446.

As to defendant Mitchell and Murray's state of mind, the complaint alleges that, when the plaintiff's cellmate called for medical help on the plaintiff's behalf, Mitchell and Murray "came running to [the] door yelling talking about which one of you bitches on the call button"; Murray threatened to use pepper spray against the cellmate when neither the plaintiff nor his cellmate answered; Mitchell yelled "about how she runs this bitch, y'all gone learn"; and neither Mitchell nor Murray obtained medical treatment for the plaintiff who was visibly injured at the time. (Doc. No. 1 at 8). These allegations give rise to an inference of deliberate indifference on the part of these defendants for purposes of the required PLRA screening. Consequently, the court finds that the complaint sets forth non-frivolous Eighth Amendment claims under Section 1983 against Mitchell

and Murray in their individual capacities based on the denial of medical treatment for the plaintiff's serious medical needs. These claims will proceed for further development.

As noted above, the plaintiff's claims against Mitchell and Murray in their official capacities are claims against CoreCivic, which is identified by the plaintiff as the defendants' employer. *See Pusey*, 11 F.3d 652, 657. Because the plaintiff cannot rely on the theory of respondeat superior or vicarious liability and has not identified any CoreCivic policy and tied that policy to the plaintiff's injuries, the plaintiff's claims against CoreCivic as well as his claims against Mitchell and Murray in their official capacities fail to state claims under Section 1983 upon which relief can be granted. Those claims will be dismissed.

## V. Conclusion

For the reasons explained above, the court finds that the complaint states colorable Eighth Amendment excessive force claims under Section 1983 against defendants Borden, Puebla, Murray, and Mitchell in their individual capacities. Likewise, the complaint states colorable Eighth Amendment claims under Section 1983 against Mitchell and Murray in their individual capacities based on the denial of medical treatment for the plaintiff's serious medical needs. These claims will proceed for further development.

However, the complaint fails to state colorable claims under Section 1983 against the remaining defendants. Those defendants and claims will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge