UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JARVIS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 3:22-CV-620 |
| | ) | District Judge Aleta A. Trauger |
| CORECIVIC OF TENNESSEE, LLC, | ) | Magistrate Judge Jeffery S. Frensley |
| O.I.C. f/n/u BORDEN, O.I.C. | ) | Jury Demand |
| f/n/u GREEN, SGT. M. PUEBLA, | ) | |
| LT. CRAIG MURRAY, 2ND CAPT. | ) | |
| KYLA MITCHELL, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997c, Defendants Kyla Mitchell ("Mitchell"), Craig Murray ("Murray"), and Manuel Puebla ("Puebla") respectfully move the Court to enter summary judgment on the claims asserted by Plaintiff Jarvis Taylor ("Taylor").

Taylor is a prisoner of the State of Tennessee, and he currently is incarcerated at the Trousdale Turner Correctional Center ("Trousdale"). (Docket Entry 1). CoreCivic, Inc. ("CoreCivic") operates Trousdale pursuant to a contract with the Tennessee Department of Correction ("TDOC"), and CoreCivic of Tennessee, LLC employs certain of the individuals who work at Trousdale. (Declaration of Martin Frink ¶ 3). Puebla is an employee of CoreCivic of Tennessee, LLC, and he previously worked at Trousdale. (Declaration of Manuel Puebla ¶ 1). Mitchell and Murray are former employees of CoreCivic of Tennessee, LLC, and they previously worked at Trousdale. (Declaration of Kyla Mitchell ¶ 1; Declaration of Craig Murray ¶ 1).

Through this lawsuit, Taylor asserts an Eighth Amendment excessive force claim against Defendants and an Eight Amendment deliberate indifference to medical needs claim against Mitchell and Murray. (Docket Entry 5 at 8). As to his excessive force claim, he contends that Defendants used inappropriate force against him after they responded to a use of force incident on September 18, 2021, that resulted in former CoreCivic of Tennessee, LLC employee Alexandra Borden ("Borden") appropriately administering chemical spray after Taylor became defiant and aggressive with her and ignored several directives to allow her to secure his cell door. (Docket Entry 1 at 6-7). As to his deliberate indifference to medical needs claim, he contends that Mitchell and Murray prevented him from receiving medical attention after the use of force on September 18, 2021, and specifically prevented him from doing so on September 20, 2021, two days later. (*Id.* at 7-8).

Taylor's claims against Defendants cannot stand, and the Court should enter summary judgment for the following reasons:

- **Eighth Amendment Excessive Force:** To hold Defendants liable under the Eighth Amendment based on a claim of excessive force, Taylor must prove that Defendants used force against him maliciously and sadistically to cause harm. Taylor cannot meet this taxing standard because Defendants were not involved in the use of force by Borden that resulted in her administering chemical spray, and because Defendants did not use inappropriate force against Taylor as they escorted him to the medical unit after the incident. Any use of restrained force by Defendants was applied in a good-faith effort to maintain or restore security after Taylor acted defiantly and aggressively towards Borden and remained defiant and aggressive during the escort to the medical unit. Therefore, summary judgment on Taylor's Eighth Amendment excessive force claim is warranted.

- **Eighth Amendment Deliberate Indifference:** To hold Mitchell and Murray liable under the Eighth Amendment based on a claim of deliberate indifference to medical needs, Taylor must prove that Mitchell and Murray were deliberately indifferent. Taylor cannot meet this taxing standard because the evidence establishes that he received appropriate medical treatment on multiple occasions after the use of force at issue, and that Mitchell and Murray did not deny Taylor access to such medical treatment. Therefore, summary judgment on Taylor's Eighth Amendment deliberate indifference to medical needs claim is warranted.

2
309518560.1
Case 3:22-cv-00620   Document 47   Filed 09/15/23   Page 2 of 4 PageID #: 274

For these reasons, the Court should grant Defendants' Motion for Summary Judgment and dismiss Taylor's claims against them. In support of this Motion, Defendants submit a Memorandum of Law, a Statement of Undisputed Material Facts, the Declaration of Martin Frink, the Declaration of Kyla Mitchell, the Declaration of Craig Murray, and the Declaration of Manuel Puebla.

Respectfully submitted,

/s/ Terrence M. McKelvey
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendants Kyla Mitchell, Craig Murray, and Manuel Puebla*

# CERTIFICATE OF SERVICE

      I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other parties/counsel via U. S. Mail, first-class postage prepaid, this September 15, 2023, on the following:

    Jarvis Taylor (#387118)
    Trousdale Turner Correctional Center
    140 Macon Way
    Hartsville, Tennessee 37074

                                        /s/ Terrence M. McKelvey

4
309518560.1
Case 3:22-cv-00620   Document 47   Filed 09/15/23   Page 4 of 4 PageID #: 276